# Commonwealth *v.* Dyminski, Appellant.

*Criminal law and procedure—Evidence—Prosecutor as a witness —Right to call as for cross-examination.*

A prosecutor in a criminal case may not be called by the defendant as on cross-examination. The right to call witnesses as if under cross-examination is statutory, and is confined to civil proceedings.

*Criminal law and procedure — Improper remarks of counsel — Record—Review of action of the court.*

Upon the trial of an indictment for felonious assault and battery, where the district attorney made remarks to the jury which it was alleged were improper, there were two methods available for bringing his remarks upon the record for purposes of review of the action of the trial court relating thereto. One method was to call attention to the remarks at the time, request that they be placed on the notes of the trial, and except to the court's ruling upon motion to withdraw a juror and continue the case, or other similar motion. The other was by bringing the matters complained of before the court by an affidavit filed at the time in support of their verity.

Where the alleged improper remarks relate to a bottle which had been identified and freely shown throughout the trial, but not actually introduced in evidence, and the district attorney, having been reminded that it had not been so introduced, remarked "Oh, well, the jury can see it," such words were not sufficient to convict the trial court of error in refusing a new trial.

*Criminal law and procedure—Motion for new trial—After-discovered evidence.*

Upon the trial of an indictment for felonious assault and battery, where the defendant had been positively identified as the person who made the assault, and her attempt to establish an alibi was of no avail with the jury, it was not an abuse of discretion for the trial judge to refuse a new trial, which was asked for on the ground of after-discovered evidence, when the evidence thus sought to be produced would be merely cumulative and corroborative of other testimony as to the alibi, with an attempt to impeach the testimony of one of the Commonwealth's witnesses, and it is apparent that all of the testimony subsequently offered might have been produced at the trial had defendant been reasonably diligent to discover it.

Argued May 3, 1922.   Appeal, No. 166, April T., 1922, by defendant, from judgment of Q. S. Allegheny Co., Sept. Sessions, 1921, No. 359, on verdict of guilty, in the case of Commonwealth of Pennsylvania v. Eva Dyminski. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Indictment for felonious assault and battery.   Before STONE, J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty, upon which judgment of sentence was passed.   Defendant appealed.

*Errors assigned* were refusal of motion for new trial and the judgment of the court.

*A. M. Oliver,* and with him *Fred W. Scott,* for appellant.—It was error to refuse to allow the prosecutor to be called as on cross-examination: Rice v. Com., 102 Pa. 408; Donaldson v. Com., 95 Pa. 21.

The remarks of the district attorney were manifestly unfair and good ground for granting a new trial: Com. v. Windish, 176 Pa. 167; Com. v. Shields, 50 Pa. Superior Ct. 1; Com. v. Church, 17 Pa. Superior Ct. 39.

The after-discovered evidence presented every requirement for a new trial: Com. v. Flanagan, 7 W. & S. 415; Moore v. Phila. Bank, 5 S. & R. 41.

*Harry R. Phillips,* Assistant District Attorney, and with him *Harry H. Rowand,* District Attorney, for appellee.—The defendant waived any right she might have had to object to the alleged improper remarks of the district attorney: Com. v. Sarves, 17 Pa. Superior Ct. 407; Com. v. Weber, 167 Pa. 153.

The court, nevertheless, fully protected the rights of the defendant: Com. v. Bubrus, 197 Pa. 542.

Refusal of a motion for new trial is only an error in law when it is apparent that it amounts to a clear abuse of discretion: Com. v. Roddy, 184 Pa. 274; Com. v. Heidler, 191 Pa. 375.

OPINION BY GAWTHROP, J., July 13, 1922:

Defendant was convicted and sentenced upon an indictment charging felonious assault and battery under the 83d section of the Crimes Act of 1860, P. L. 403. A motion for a new trial was filed with two reasons in support thereof, the first charging error by the court below in refusing to allow defendant to call the prosecutor as on cross-examination; the second complaining of improper remarks of the district attorney in his closing address to the jury. At the hearing on this motion, defendant presented the depositions of three witnesses taken after the trial and urged that their testimony constituted after-discovered testimony which required the granting of a new trial. The dismissal of the motion for a new trial is assigned for error.

1. A prosecutor in a criminal case may not be called by the defendant as on cross-examination. The right of

a party to call witnesses as if under cross-examination is confined to civil proceedings and is conferred by statute. See section 7 of the Act of May 23, 1887, P. L. 160. The prosecutor in this case was the husband of the woman who was the victim of the assault. He had no knowledge of any facts relevant to the issue, and for that reason the Commonwealth did not call him. Defendant could have called him as his own witness.

2. The evidence of the Commonwealth was sufficient to establish that on the evening of June 13, 1921, about 9:30 o'clock, defendant approached one Mrs. Ference on the street and threw carbolic acid in her face; that after throwing the acid defendant threw something in the street and ran away; that, shortly after the throwing of the acid, a witness brought to Mrs. Ference a bottle which he had picked up at the scene of the assault; that the bottle smelled of carbolic acid. The bottle was produced at the trial and identified as the same bottle which was picked up. The bottle was not formally offered in evidence, but it was in evidence for all practical purposes. When the district attorney exhibited the bottle to the jury during his address and objection was made by counsel for defendant, the district attorney said: "Oh! well the jury can see it," and placed it upon the counsel table. No motion was made to withdraw a juror and continue the case on account of alleged improper remarks or actions of the district attorney. There are two recognized methods of bringing remarks of counsel in addressing the jury upon the record so as to make the ruling of the court relating thereto subject to review. One method is to call attention to them at the time, request that they be placed on the notes of the trial and except to the court's ruling upon the motion to withdraw a juror and continue the case, or other similar motion. The other method is by bringing the matters complained of before the court by an affidavit filed at the time in support of their verity: Com. v. Shields, 50 Pa. Superior Ct. 1. Neither of these methods was pursued in this case. That

the remarks were not brought upon the record properly for purposes of review is supported by all our cases. But granting that the action and remarks of the district attorney are properly before us, we think there was no such impropriety of language or conduct as would have warranted the granting of a new trial on that ground. Certainly there is no basis for our convicting the learned trial judge of an abuse of discretion in refusing a new trial on this account.

3. The third reason urged in support of the motion for a new trial is what counsel for appellant describe as after-discovered evidence. The prosecutrix and two other witnesses positively identified defendant as the person who made the assault. Another witness produced by the Commonwealth testified that a short time prior to the night of the assault she had a conversation with defendant, who told her that she would either kill Mrs. Ference or throw something in her face, and that defendant had taken the witness in her automobile and pointed out Mrs. Ference. The defense was an alibi. Defendant and her daughter and two neighbors testified that defendant was in her home during the entire evening on which the offense was alleged to have been committed. The so-called after-discovered testimony was that of A. W. Moore who deposed that he saw a woman throw something on Mrs. Ference, but that it was not defendant, whom he knew well. In cross-examination, this witness deposed that on the night of the assault, a police officer talked to him about the case and that he told the officer that he knew nothing about it. Another witness, J. A. Ingram, deposed that on the night of the assault he met one of the witnesses for the Commonwealth who testified at the trial that he saw defendant commit the assault, and that the witness told him that he did not know whether the person who committed the assault was a man or a woman. This witness stated that, although he knew the defendant had been arrested, he never mentioned the matter to her. The third deposition

was by Mabel Thomas, a neighbor of defendant, who testified that during the entire evening of June 13th defendant was at home.  We are not convinced that the learned trial judge committed an abuse of discretion in refusing to grant a new trial upon this evidence.  Defendant waived a preliminary hearing when it was her right to meet the witnesses of the Commonwealth face to face and learn the names of the persons upon which the Commonwealth would rely to sustain the charge against her. There is no evidence in the record that those whom she now desires to call on a second trial could not have been discovered if reasonable diligence had been exercised. The testimony of the witnesses, Moore and Thomas, is merely cumulative and corroborative of other testimony presented at the trial, and the testimony of the witness, Ingram, merely impeaches the credibility of one of Commonwealth's witnesses.  In the light of the fundamental principles applicable to the subject of the granting of new trials on the ground of after-discovered testimony, we think there was no abuse of discretion by the learned court below in refusing to grant a new trial on this ground.  Nor do we think, after an examination of the record, that this evidence was such as ought to produce an opposite result in another trial on the merits.

All the assignments of error are overruled, the judgment is affirmed and the record remitted to the court below, and it is ordered that the defendant appear in that court at such time as she may there be called and that she be committed by that court until she has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.